IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEWIS R. ("RAY") SPOTTS, JR., et al., <br><br>  Plaintiffs, <br><br><br><br> vs. <br><br><br><br> NEWAYS, INC., et al., <br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, REFERRING THE PARTIES TO SETTLEMENT CONFERENCE, AND SETTING TRIAL DATE <br><br><br><br><br><br> Case No. 2:03-CV-691 TS |

This matter is before the Court on Defendants' Motion for Partial Summary Judgment on Unjust Enrichment Claim,[1] filed July 27, 2006.  Plaintiffs filed their response on February 12, 2007,[2] and Defendants replied on February 26, 2007.  The Court finds that oral argument would not be helpful for resolution of the issues before it.  Having reviewed the pleadings, the file, and

---

[1] Docket No. 184.

[2] Docket No. 201 (sealed).

being otherwise fully informed, the Court will deny Defendants' Motion, refer the parties to a settlement conference before a magistrate judge, and set a trial date to resolve this matter.

BACKGROUND

After Defendants filed their Motion, and before briefing had occurred, the parties represented to the Court at a status conference held October 3, 2006,[3] that they had essentially suspended briefing on the Motion because they had agreed to binding arbitration to determine the value of the company involved. The parties further informed the Court that they expected to provide something "more final" to the Court within two weeks.

As settlement papers were not submitted as anticipated, the Court conducted a second status conference on November 6, 2006. Counsel explained their reasons for delay, and the Court allowed an additional month in which to submit documents.

On December 12, 2006, a third status conference was held.[4] Counsel represented that they had signed a mediation agreement, which also involved a state case. They further stated that they needed a valuation of Plaintiffs' company, and that Defendants had agreed to abide by whatever the evaluation determined. The Court directed the parties to file a written joint status report by January 3, 2007, if no final signed agreement was submitted by that time.

When that deadline was not met, the Court set yet another status conference, this time for January 22, 2007.

---

[3] *See* Docket No. 190.

[4] Docket No. 197.

On January 17, 2007, the parties submitted a Joint Status Report,[5] wherein the parties set forth their various efforts to reach a final resolution in this case. The parties stated that "[t]o date, however, the Parties have been unable to reach agreement on language regarding disclosures relating to their prior business dealings with one another. It is the Parties' continued hope that they can agree on the remaining language so that dismissal papers may be submitted to this Court and the state court shortly."[6]

On January 22, 2007, the Court, unsatisfied with the lack of progress in this over three-year-old case, issued an Order Directing Briefing and Striking Status Conference.[7] The Court directed that, "[a]bsent signed, executed, and filed settlement documents," the Court would proceed toward resolution of the outstanding Motion for Partial Summary Judgment and the "case as a whole."[8] Although Defendant's reply was filed late, the parties have now fully briefed the Motion.

## DISCUSSION

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[5] Docket No. 199.

[6] *Id.* at 3.

[7] Docket No. 200.

[8] *Id.* at 2.

matter of law."[9]  In reviewing the record, the Court views the evidence and draws any inferences therefrom in the light most favorable to the party opposing summary judgment.[10]  Conclusory allegations and subjective beliefs are insufficient to prevent the entry of summary judgment.[11]

In their Motion for Partial Summary Judgment on Unjust Enrichment Claim, Defendants argue that "the parties' relationship is undisputedly governed by contract and, therefore, equitable remedies, such as unjust enrichment, are not available to Plaintiffs" and, thus, they are entitled to judgment as a matter of law.[12]

In response, Plaintiffs, expressly relying upon what has been repeatedly represented to the Court by both counsel as a settlement in this case (which signed and executed agreement was attached to their Response),[13] did not substantively respond to Defendants' Motion.  In reply, Plaintiffs attempt to use this to their advantage in what the Court considers to be a disingenuous and ill-timed move, given the procedural posture and history of this case.

Moreover, the fact that Plaintiffs, in their Response,[14] strongly argue that the parties are bound by a signed and executed agreement, rendering the instant Motion moot, establishes that there most certainly are genuine issues of material fact which are disputed.  The parties at this

---

[9] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[10] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[11] *See Kelley v. Goodyear Tire and Rubber Co.*, 220 F.3d 1174, 1177 (10th Cir. 2000).

[12] Docket No. 184, at 2.

[13] Docket No. 201-2.

[14] Docket No. 201.

point cannot even agree whether or not they are bound by the agreement, and Defendants have alleged a breach of that agreement – which presents an entirely separate legal issue in and of itself.  This case is simply not appropriate for summary judgment on any issue at this stage.

The Court will take every measure to ensure swift resolution of this case, which has lingered for far too long.  The Court will immediately refer the parties to a formal settlement conference before the magistrate judge, and will set a trial date and final pretrial conference.  The parties are instructed that these dates are firm, and will not be vacated for any reason, absent a final, signed settlement of this case.  The Court conveys its consternation with the conduct of the parties with each other and the Court up to this point, and takes resolution of this case seriously.  The Court will simply not allow further delay.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendants' Motion for Partial Summary Judgment on Unjust Enrichment Claim (Docket No. 184) is DENIED.  It is further

ORDERED that the parties shall participate in a settlement conference before the magistrate judge, as authorized by the Order and Referral to Settlement Conference Proceedings, filed concurrently herewith.  Counsel shall jointly contact the magistrate judge's chambers within ten (10) days of the date of this Order to arrange the earliest time available to counsel and the magistrate.  It is further

ORDERED that a 15-day jury trial shall commence in this case on June 18, 2007.  A final pretrial conference will be held May 29, 2007 at 3:00 p.m.  These dates are set with a "do not

vacate" designation and, absent a final, signed settlement agreement being filed, will not be stricken.

    SO ORDERED.

    DATED March 28, 2007.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge